IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

ROBERTO COTA MEZA, )
　　　　　　　　　　　 )
　　　Petitioner, 　　　 )
　　　　　　　　　　　 )
v. 　　　　　　　　　　 )　CV 309-075
　　　　　　　　　　　 )
WALT WELLS, Warden, 　)
　　　　　　　　　　　 )
　　　Respondent. 　　　)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, brought the captioned matter ostensibly pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that his motion to proceed IFP be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

In 2003, Petitioner was convicted in the District of Kansas of possession with intent to distribute cocaine and sentenced to a term of imprisonment of 151 months. See United States v. Cota-Meza, No. 602-CR-10176 (D. Kan. Dec. 5, 2002). Petitioner is now detained at McRae Correctional Facility ("MCF") in McRae, Georgia, and alleges the following in his

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Respondent to respond to the instant petition. 28 U.S.C. § 2243.

petition. Petitioner states that since 2004, when he was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, he has been requesting a transfer to a prison facility closer to his family in Arizona. (See doc. no. 1, pp. 2, 4, 8). He further states that in 2006, his sister requested that he be transferred to a facility closer to his family. (See id. at 2, 11). That request was denied, and Petitioner was instead transferred to MCF. (Id.). Petitioner goes on to state that in March 2008, he filed "a new request with MCF to be transferred to a facility in Arizona to be closer to his family but that this request was denied because Petitioner had a detainer lodged against him. (Id. at 2). However, Petitioner contends a detainer "never existed." (Id. at 2-3). As relief, Petitioner requests that the Court direct MCF to transfer him to a facility in Arizona. (Id. at 5).

## II. DISCUSSION

The Court must first resolve whether Petitioner's claim is proper in a § 2241 petition. The petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). On the other hand, a civil rights complaint is the appropriate course of relief for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499; see also Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

At first blush it would appear that Petitioner is challenging the conditions of his confinement, as he is apparently dissatisfied with the place of his incarceration. However, upon closer examination, he is actually challenging the execution of his sentence, which is

2

proper in a § 2241 petition. See Williams v. Pearson, 197 Fed. App'x 872, 876 (11th Cir. 2006) (*per curiam*) (noting that § 2241 is the proper statute under which to challenge the manner in which a sentence is executed). Indeed, the Eleventh Circuit recently held that challenges by a federal prisoner to his place of confinement, such as Petitioner's challenge here, are proper in a § 2241 petition. See United States v. Saldana, 273 Fed. App'x 845, 846 (11th Cir. 2008) (*per curiam*); see also Beck v. Wilkes, 589 F.2d 901, 902-04 (5th Cir. 1979) (addressing § 2241 petition challenging transfer of a federal prisoner from a facility in Virginia to a facility in Georgia).[2,3]

That said, Petitioner is not entitled to the relief he seeks. Indeed, inmates do not have a constitutional right to be housed at one facility or another. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Thus, Petitioner has no right to be housed at any particular federal institution. Moreover, pursuant to 18 U.S.C. § 3621, "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed . . . ." 18 U.S.C. § 3621(a). This statute gives the Bureau of Prisons the exclusive authority to designate the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[3] Other courts have also found that similar challenges are properly brought pursuant to § 2241. See, e.g., Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (finding that an attack "focusing on where [the] sentence will be served[] seems to fit better under the rubric of § 2241); United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) (finding that challenge to place of confinement was a challenge to the execution of a sentence properly that should have been brought in a § 2241 petition); Jaworski v. Gutierrez, 509 F. Supp. 2d 573, 579 (N.D. W. Va. 2007) (finding that § 2241 was the "proper mechanism" for a prisoner seeking an order of transfer from the Bureau of Prisons).

3

place of imprisonment of any prisoner, provided that the facility meets minimum health and habitability standards. Id. § 3621(b). The Supreme Court has interpreted this statute to mean that "the Attorney General, through the BOP, has the responsibility for administering [a prisoner's] sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621). Notably, Petitioner has not alleged that MCF does not meet the minimum health and habitability standards. Rather, the sole reason for Petitioner's request is his desire to be closer to his family. While this is no doubt desirable for most prisoners, this Court does not have the authority to direct the administration of Petitioner's sentence. Thus, Petitioner's claim lacks merit on its face and does not provide a basis for federal habeas relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that the motion to proceed IFP be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of October, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4